SZILAGY, APPELLANT, *v.* TAYLOR, APPELLEE.

(Decided October 2, 1939.)

Mr. *Leonard M. Bertsch,* for appellant.
Mr. *William B. Young,* for appellee.

BY THE COURT. The determinative question involved in this appeal on questions of law arises out of the following facts:

An owner of two adjoining lots constructed a building thereon. It was the owner's intention to locate the building on one lot only, but, by mistake, he built a small portion on his adjoining lot. To secure the money to construct the building, he mortgaged the lot upon which he intended to build, and thereafter, not knowing that the building which he had constructed encroached upon his other lot, sold this other lot to the plaintiff below, the appellant here.

The mortgage was thereafter acquired by the appellee without any knowledge whatsoever concerning

the mistake in the location of the building. Default occurring, the mortgage was foreclosed, and the appellee became the purchaser, at sheriff's sale, of the premises which were the subject of the mortgage; and at that time also neither he nor the appellant knew of the mistake.

Appellant, discovering the mistake, made claim to an ownership of the small part of the building that encroached upon his premises. Thereupon, and before this suit was brought, appellee removed that portion of the building from appellant's premises.

This action was begun seeking, first, to compel the appellee to replace, upon appellant's premises, the part of the building formerly thereon, and, second, for damages for trespass; and in his brief and argument the appellant claims that he was entitled to recover punitive damages.

The contention of appellant is that he acquired title to a portion of the building in question as a part of the real estate which he purchased.

To maintain that claim under the circumstances shown here, it is necessary that it be shown that the portion of the building in question was, at the time of the conveyance of the lot to the appellant, an appurtenance. Things pass as incidents to or appurtenances of realty when they are attached thereto and are essential to its use; in other words, when they are fixtures. Two general tests to be applied in determining whether a particular article is a fixture are, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated, and intention to make the article a permanent accession to the freehold.

While the thing claimed in this case as an appurtenance was attached to the real estate, the facts disclose conclusively that it was not so attached with an intention to make it a permanent part thereof, and also that it was not adapted to such use as a part of the realty;

and therefore the appellant had no title to the part of the building which stood on his premises, and was not entitled to have the same replaced thereon; and, the appellee being the owner of the entire building, was not a trespasser when he entered upon appellant's premises to remove the portion of the building which stood thereon, because appellee had a right to remove the same to his own premises.

The appellee was not liable in damages for doing that which he had a right to do, and the trial court was right in directing a verdict in his favor and rendering judgment for him. The judgment is therefore affirmed.

*Judgment affirmed.*

WASHBURN, P. J., DOYLE and STEVENS, JJ., concur.